COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-392-CV
 
LARRY D. LAWRENCE, SR.,                                                    APPELLANT 
NATURAL FATHER OF LARRY D.
LAWRENCE, JR., DECEASED  
 
V.
 
CITY OF WICHITA FALLS                                                          APPELLEE 
 
------------
 
FROM THE 
89TH DISTRICT COURT OF WICHITA COUNTY 
 
------------
 
OPINION
 
------------
        Appellant, Larry D. Lawrence, Sr. (Larry, Sr.), filed suit against the City 
of Wichita Falls (the City) for the drowning death of his son Larry D. Lawrence, 
Jr. (Larry, Jr.). Larry, Jr. drowned in an irrigation siphon owned in part by the 
City. Larry, Sr. sought damages under the Wrongful Death Act 
 

 for the City’s 
negligence in designing the siphon and its maintaining the siphon as an
attractive nuisance to minors. The City’s motion for summary judgment was
granted based on governmental immunity. This court, applying pre-Tort-
Claims-Act common law, reversed and remanded the case for trial, holding that
suit against the City is not barred by governmental immunity because water
delivery and irrigation are proprietary functions at common law.
 

 After a jury 
trial on the merits, the jury found that the City did not negligently cause Larry,
Jr.’s death, even though it found that the injury was foreseeable by the City. 
Consequently, the jury awarded no damages to Larry, Sr. Larry, Sr. appeals the
judgment. Because we hold that the trial court did not abuse its discretion in 
limiting testimony and the judgment was not against the great weight and 
preponderance of the evidence, we affirm the trial court’s judgment. 
I. Factual Summary
        This case is a wrongful death action regarding the drowning death of a 
three-year-old boy, Larry Lawrence, Jr. The death at issue in this case occurred 
when Larry, Jr. fell in or in some way entered an unused lake and irrigation 
canal siphon that contained stagnant water. The siphon, built in 1924 with no 
subsequent modifications, is owned jointly by the City of Wichita Falls and 
Wichita County Water District Number Two. The siphon does not have any 
surrounding fences, covers, ladders, or any other safety devices to prevent 
entry into the siphon or to use to get out of the siphon. 
        At the time of Larry, Jr.’s death, Larry, Sr. was in jail and had not seen 
his children for two or three weeks. On the day of Larry, Jr.’s disappearance, 
his mother, Cindy, left him outside at her friend’s house unsupervised. Thirty 
minutes later, Cindy went outside to leave, but Larry, Jr. was nowhere to be 
found. Cindy left without him. 
        An hour and a half after Cindy left her friend’s home, she called the police 
to report Larry, Jr. missing. Cindy told police that her son had a tendency to 
play around water and that they should look for him at the nearby apartment 
pool, the lake, or the drainage ditch. 
        Evidence of Cindy’s inadequate supervision was presented to the jury 
through the testimony of Patsy Baggett, a former Child Protective Service (now 
the Texas Department of Protective and Regulatory Services (TDPRS)) 
supervisor. Evidence of Cindy’s knowledge that the boy frequently wandered 
off to play around water was presented to the jury through the testimony of 
multiple police officers who investigated Larry, Jr.’s disappearance. 
        Expert testimony regarding the design and safety of the siphon was 
presented by both parties. Larry, Sr.’s expert testified that he was familiar with 
industrial siphons, but was not familiar with the type of siphon at issue in this 
case. The City’s expert, a civil engineer who had been involved in designing 
and maintaining residential siphons, testified about the City’s inability to cover 
the siphon, to put a ladder in the siphon, or to fence the siphon because of 
maintenance issues. 
        The jury charge included definitions for Cindy’s ordinary care, her 
negligence, and her conduct as a proximate cause. The jury determined that 
Larry, Jr. was a trespasser and that the City’s gross negligence, if any, was not 
a proximate cause of his death, even though the injury was foreseeable. 
Question number four, which addresses the City’s gross negligence as a 
proximate cause provides “[t]here may be more than one proximate cause of 
an event, but if an act or omission of any person not a party to the suit was the 
‘sole proximate cause’ of an occurrence, then no act or omission of any other 
person could have been a proximate cause.” The jury awarded no damages. 
II. Legal Analysis 
        Larry, Sr. raises two points in this appeal: (1) the trial court abused its 
discretion by limiting his cross-examination of one of the City’s expert 
witnesses; and (2) the jury verdict was against the great weight and 
preponderance of the evidence. The City also raises the cross-point that the 
trial court did not have subject matter jurisdiction. 
 
A. Subject Matter Jurisdiction 
        Despite the City’s failure to file a notice of appeal, which would normally 
prevent review by this court, 
 

 the City complains that the law has changed and 
it can now argue an exception based on a new case,
 

 and therefore, it has 
governmental immunity. Thus, the trial court did not have subject matter
jurisdiction in this case. Subject matter jurisdiction cannot be waived and may
be raised by the court on its own motion or for the first time on appeal.
 

 We 
therefore address this point.
        Municipalities, as agents of state government, are immune from suit and 
liability unless the state consents. 
 

 Governmental immunity from suit defeats 
a court’s subject matter jurisdiction.
 

 Subject matter jurisdiction is an essential 
requirement to the authority of a court to decide a case.
 

 But generally, once 
subject matter jurisdiction is properly acquired by a court, no later fact or event
can defeat jurisdiction.
 

 “Further, the law of the case doctrine mandates that 
the ruling of an appellate court on a question of law raised on appeal will be
regarded as the law of the case in all subsequent proceedings of the same
case.”
 

 The doctrine applies in all subsequent proceedings if the facts in the 
later proceedings are substantially the same or are so nearly the same that they
do not materially affect the legal issues involved in the later proceeding.
 


        In our prior opinion, we specifically held that suit against the City is not 
barred by governmental immunity because water delivery and irrigation are
proprietary functions at common law.
 

 No facts have changed since that 
decision.
 

 Additionally, the law in effect at all relevant times—when Larry, Jr. 
drowned, when the petition was filed, and when we handed down our original
opinion—supports our original holding that the City is not immune from this
suit.
 

 Consequently, we now hold that the law of the case applies and 
overrule the City’s cross point.
B. Cross-Examination
        Larry, Sr. complains that the trial court abused its discretion by limiting 
his cross-examination of one of the City’s expert witnesses. To determine 
whether a trial court abused its discretion, we must decide whether the trial 
court acted without reference to any guiding rules or principles; in other words, 
whether the act was arbitrary or unreasonable. 
 

 Merely because a trial court 
may decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.
 


        An abuse of discretion does not occur where the trial court bases its 
decisions on conflicting evidence. 
 

 Furthermore, an abuse of discretion does 
not occur as long as some evidence of substantive and probative character
exists to support the trial court’s decision.
 


        At trial, the City called Patsy Baggett to testify about TDPRS documents 
and cases that had been opened investigating Cindy’s supervision of her 
children. In the course of Appellant’s cross-examination, Baggett testified that 
she thought that if a child was properly supervised at all times “it’s real difficult 
for them to get away from you very far.” Baggett was further asked if she 
thought that a person would be negligent if he maintained a dangerous 
condition on his land when he knew children had a tendency to play around his 
land. In response, Baggett said that when a child is three years old, it is the 
responsibility of the parents to be aware of the dangerous conditions around the 
children and keep their children away from the dangers, regardless of what the 
dangerous conditions are and where they can be found. 
        Later in Baggett’s testimony, Larry, Sr.’s counsel tried to clarify the 
testimony above: 
QSo if Cindy Lawrence was guilty of any negligence, that
negligence was not the sole proximate cause–
 
[DEFENSE COUNSEL]:Objection. 
 
                Q      [PLAINTIFF’S COUNSEL]--of this boy’s death– 
 
[DEFENSE COUNSEL]: That calls for a legal conclusion. 

                         THE COURT: Sustained. 
 
Q[BY PLAINTIFF’S COUNSEL] Let me change the 
wording of that question. 
 
Then the negligence of Cindy Lawrence was not the 
only cause of his death; was it? 
 
[DEFENSE COUNSEL]:That’s going to be the same 
objection. It calls for a legal conclusion. 

                         THE COURT: Sustained. 
 
[PLAINTIFF’S COUNSEL]: I have no other questions 
in that event. 

        Finally, on redirect, when asked “Had Larry Lawrence been properly 
supervised that day he would never be able--he would have never been able to 
be around the siphon to fall in and drown,” Baggett answered “[T]hat would be 
my conclusion.” 
        Now, Larry, Sr. complains on appeal that because the City called Patsy 
Baggett to testify and proved her up as an expert witness regarding dangerous 
conditions for a child and inadequate supervision of a child, it was an abuse of 
discretion for his cross-examination of this witness to be limited to lay witness 
testimony. Although we agree that Patsy Baggett testified as an expert 
witness, Larry, Sr. is mistaken about why her testimony was limited. 
        Baggett’s testimony was not limited because she was a lay witness. The 
objection made and properly sustained by the trial court was that Larry, Sr.’s 
question called for a legal conclusion. Expert testimony is only admissible if it 
will assist the trier of fact in understanding the evidence or in determining fact 
issues.
 

 “[A]n expert may state an opinion on a mixed question of law and 
fact as long as the opinion is confined to the relevant issues and is based on
proper legal concepts.”
 

 Therefore, an expert’s opinion on an ultimate issue 
is admissible only if a predicate is laid to show that the expert knows the proper
legal definition in the question.
 

 However, if “the jury is equally competent to 
form an opinion regarding an ultimate fact issue, an expert’s testimony as to
those issues may be excluded.”
 


        Because no predicate was laid proving that Baggett knew the proper 
definition of sole proximate cause, the jury was equally competent to form its 
own opinion regarding sole proximate cause. Furthermore, Larry, Sr. makes no 
argument nor does he cite us any authority that would allow Baggett to testify 
to a legal conclusion. 
 

 We hold that the trial court did not abuse its discretion 
by sustaining the City’s proper objection.
 

 Consequently, we overrule 
Appellant’s first point. 
C. Factual Sufficiency
        Larry, Sr. argues in his second point that the verdict of no negligence by 
the City was against the great weight and preponderance of the evidence and 
that a finding of no damage is “contrary to all human experience.” We 
disagree. 
        In reviewing a point asserting that an answer is “against the great weight 
and preponderance” of the evidence, we must consider and weigh all of the 
evidence, both the evidence that tends to prove the existence of a vital fact as 
well as evidence that tends to disprove its existence. 
 

 So considering the 
evidence, if a finding is so contrary to the great weight and preponderance of
the evidence as to be manifestly unjust, the point should be sustained,
regardless of whether there is some evidence to support it.
 

 
1. Sole Proximate Cause
        To avoid negligence liability in this case, the City sought to prove and the 
jury implicitly found that Cindy was the sole proximate cause of Larry, Jr.’s 
death. Sole proximate cause is an inferential rebuttal issue available when the 
“evidence shows that a third person’s conduct, not the conduct of any of the 
parties to the lawsuit,” is the only proximate cause of the damage. 
 

 Thus, a 
sole proximate cause challenge is a challenge to the causation element of the
plaintiff’s negligence claim or to the existence of a prima facie case.
 

 
Proximate cause is a question of fact for the jury to decide.
 


        Proximate cause consists of two elements, cause in fact and 
foreseeability.
 

 Cause in fact is an act or omission without which the injury 
would not have occurred.
 

 An act is foreseeable if a person of average 
intelligence should have anticipated that a danger to others would be created
by the act or omission; however the person does not have to anticipate the
specific injury that occurred.
 


        In this case, although the actual cause of Larry, Jr.’s death was 
drowning, there was evidence from which the jury could have reasonably 
determined that Cindy’s inadequate supervision of Larry, Jr. was the sole 
proximate cause of his death. First, the record is filled with testimony that had 
Cindy been watching Larry, Jr. while he played outside, he would have never 
made it to the siphon. In fact, Cindy testified that she would have never 
allowed Larry, Jr. to play in or around the drainage ditch or the siphon. 
        Second, Cindy herself, as well as the ten other witnesses who were 
asked a question regarding the issue, stated that a mother (or father) could 
anticipate that a three-and-a-half-year-old child unsupervised for thirty minutes, 
as Larry, Jr. was, could get into a number of dangerous situations that could 
cause death. Cindy could have further anticipated Larry, Jr. getting into a 
dangerous situation if she did not adequately supervise him because he had run 
off on prior occasions, and he had a tendency to wander toward water. On one 
prior occasion, Cindy was contacted after Larry, Jr. had ridden off on his bike 
after dark, only to be found by police two miles away. 
        Thus, based on the record in this case, we cannot say that the jury’s 
finding that the City’s gross negligence, if any, was not a proximate cause of 
Larry, Jr.’s death and its implicit finding that Cindy, a third party, was the sole 
proximate cause of Larry, Jr.’s death were so against the great weight and 
preponderance of the evidence as to be manifestly unjust. 
 

 
        Larry, Sr. also complains in his second point that the no-damage award 
was “contrary to all human experience.” Because we overrule Appellant’s 
factual sufficiency point, we do not reach this issue. 
 

 We overrule Appellant’s 
second point.
 
 
III. Conclusion 
        Having overruled both of Appellant’s points and the City’s cross-point, we 
affirm the trial court’s judgment. 
 
 
                                                                  LEE ANN DAUPHINOT 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
DELIVERED: November 6, 2003